*The Court.*—The defendant has not avowed for rent due *under this lease,* and has made no reference to it whatever. If he had set it out in his avowry, or stated that the rent was due in pursuance of it, the objections now stated would be fatal as matters of variance; but the party is authorized by our act of assembly to avow generally without setting out the lease or agreement under which the rent is claimed. The defendant has done so here. He has avowed the taking the goods for rent in arrear and due for a certain farm, &c. This he may prove by the produc▪▪ of a written lease or a parol agreement; and if the paper now ▪▪red is for a different place than the one referred to in the avowry it proves nothing, but it is not objectionable on any ground of variance from the avowry, because there is no reference to it in the avowry.

Lease admitted; exception prayed and granted.

Verdict for $41 59.

*Layton*, for plaintiff.
*Houston*, for defendant.

—►»>>●❀●«<●-

JOSEPH I. LYNCH'S Executrix *vs.* NATHANIEL TUNNELL, p. b.

Judgment cannot be entered by a justice of the peace on a judgment note *after the death* of the maker of the note.
The authority given to enter such judgment is revoked by death; and does not extend to authorize a judgment against the executor.

CERTIORARI to Justice Steel.

The record showed that the judgment in this case was rendered by a justice of the peace against Mary W. Lynch, as administratrix of Joseph I. Lynch, on a judgment note given by the said Joseph I. Lynch in his life time to Nathaniel Tunnell; with authority to any justice of the peace within the State of Delaware to enter judgment before him against the maker.

On this note was endorsed a regular probate by Nathaniel Tunnell, made before the justice on the 27th of November, 1843, that nothing had been paid or delivered towards satisfaction of the same, and that the sum demanded, viz., $7 42, was justly and truly due. Whereupon justice Steel, on the 3d of August, 1844, and *after the death of Joseph I. Lynch,* entered a judgment against Mary W. Lynch, his administratrix, for the amount of the note.

This was the principal error assigned, that the justice had no power to enter judgment upon the warrant of attorney given by Joseph I. Lynch *after his death;* nor did the entry of judgment *against his executrix* conform to the authority given to enter a judgment against *him.*

And for this reason the court set aside the judgment and proceedings. These authorities must be strictly followed, and the judgments rendered in pursuance of them must be entirely conformable to them. The death of Joseph I. Lynch was a revocation of the power of attorney to confess judgment; and the remedy, after that, was by action upon the note in the usual form against the executrix.

Judgment reversed.

*Layton,* for the defendant below.

———————

## DAWSON DULANY, negro, by next friend, *vs.* ELIZA GREEN.

A deed of manumission executed by an insolvent man, without any consideration, and with intent to defraud creditors, is void,

A deed executed by a man when so much intoxicated as not to understand what he is about, is void; at least, as to third persons.

PETITION for freedom.

The petition stated that Jesse Green, jr., being the owner of petitioner and his mother, Clansey, as slaves for life, and being about to leave the State, on the 9th of July, 1833, executed his deed of manumission in due form, by which he proceeded to manumit and dispose of said slaves as follows: "Now therefore, know all persons, that for and in consideration of her the said negro's good conduct and behavior towards me, I do hereby discharge her the said Clansey, negro, from me and all persons claiming by, through, or under me after I shall leave this State, to be free, and to enjoy all the privileges of other free negroes, according to the laws of this State in like cases, and that the said Clansey is to have the said Dawson, her son, until such time as I shall call for him, and to be delivered to no other person or persons, neither to be the property of any other person or persons except I myself, in person; and if I should not receive the said boy, for him to be free as his mother aforesaid, according to the laws of this State;" which deed of manumission was signed, sealed and acknowledged by the said Jesse Green, jr., before a jus-